# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN OPYRCHAL, individually, and on behalf of all other similarly situated current and former employees of Defendants in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NEW YORK LIFE INSURANCE COMPANY, INC., a New York corporation; NEW YORK LIFE AND HEALTH INSURANCE COMPANY, INC., a Delaware corporation; NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC., a Delaware corporation; and DOES 1 through 100 inclusive,<br><br>Defendants | Case No. CV07-518-VBF (VBKx)<br>CLASS ACTION<br><br>**ORDER GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, LITIGATION COSTS AND INCENTIVE AWARDS**<br><br>Date:   March 9, 2009<br>Time:   1:30 p.m.<br>Courtroom: 9<br>Judge: Hon. Valerie Baker Fairbank |

On March 9, 2009, the Court heard a motion by Plaintiffs, Olga Ortmann ("Ortmann") and Justin Opyrchal ("Opyrchal"), on behalf of themselves and all others similarly situated, for approval of Class Counsel's Motion for an Award of Attorneys Fees, Litigation Costa and Incentive Awards to Class Representatives, Ortmann and Opyrchal.

The Parties have submitted the proposed Settlement, which this Court finally approved in its March 9, 2009 Order.  Having finally approved the Settlement, and having received and reviewed the supporting papers, the response of the Class Members to the Notice of Settlement, and the evidence and argument received by the Court at Hearing on March 9, 2009, the Court grants the Motion by Class Counsel for an Award of Attorneys' Fees, Litigation Costs and Incentive Awards , and HEREBY FINDS as follows:

1.	Except as otherwise specified herein, the Court for purposes of this Order of Final Approval adopts all defined terms set forth in the Settlement;

2.	Pursuant to the Preliminary Approval Order, a Notice Packet was sent to each Class Member by first-class mail. The Notice included language advising Class Members that Class Counsel would ask the Court to award attorneys' fees up to $3,000,000 (30% of the Maximum Settlement Amount) and litigation costs not to exceed $35,000.  In addition, the Notice provided that Class Counsel would ask the Court to authorize an enhancement payment of up to $25,000 to each of the two Class Representatives;

3.	The Claims Administrator took reasonable steps to provide the Notice Packet to Class Members when it learned that the address to which those documents were mailed was no longer accurate.  These documents informed Class Members of the terms of the Settlement, including the request by Class Counsel for Attorneys' fees, litigation costs, and enhancement payments to the two Class Representatives and their right to object to the Settlement or to opt out of the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding the final approval of the Settlement.  Notice was provided with ample time for the Class Members to follow these procedures;

4.	The Court finds that this notice procedure afforded adequate

protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of Class Counsel's Motion for an Award of Attorneys' Fees, Litigation Costs and Incentive Awards to Class Representatives.  Notice was accomplished in all material respects in the manner prescribed by the Settlement.  The Court finds that adequate notice provided to all persons entitled to such notice in this case, was the best notice practicable, and, therefore, fully satisfied the requirements of due process;

5. The Attorneys' Fees requested by Class counsel are commensurate with 1) the risk Class Counsel took in commencing this action, (2) the time, effort and expense dedicated to the case, (3) the skill and determination they have shown, (4) the results they have achieved throughout the litigation, (5) the value of the settlement they have achieved for class members, and  (6) the other cases counsel have turned down in order to devote their time and efforts to this matter;

6. The Attorneys' Fees requested by Class counsel, $3,000,000, represent 30% of the total settlement of $10,000,000 and are reasonable and are within the range of fees awarded in comparable cases;

7. That the litigation costs for which Class Counsel requests reimbursement were reasonable and necessary;

8. That the enhancement payments requested by Class Representatives, Ortmann and Opyrchal, for their efforts in obtaining recovery for the Class are reasonable and are within the range of enhancement payments awarded in comparable cases;

Therefore, IT IS HEREBY ORDERED:

1. That the Motion by Class Counsel for an award of Attorneys' Fees in the amount of $3,000,000 is granted;

1    2. That the Motion by Class Counsel for an award of litigation costs in
2 the amount of $32,779.80 is granted;
3    3. That the Motion by Class Counsel for an award of an enhancement
4 payment to Class Representative, Olga Ortmann, in the amount of $25,000 is
5 granted;
6    4. That the Motion by Class Counsel for an award of an enhancement
7 payment to Class Representative, Justin Opyrchal, in the amount of $25,000 is
8 granted.

Date: 03-09-09        *Valerie Baker Fairbank*

            Hon. Valerie Baker
            Fairbank
            United States District
            Judge