MD JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLGA ORTMANN and JUSTIN OPYRCHAL, individually, and on behalf of all other similarly situated current and former employees of Defendants in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>NEW YORK LIFE INSURANCE COMPANY, INC., a New York corporation; NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC., a Delaware corporation; and DOES 1 through 100 inclusive,<br><br>Defendants | Case No. CV07-518-VBF (VBKx)<br>CLASS ACTION<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: March 9, 2009<br><br>Time: 1:30 p.m.<br><br>Courtroom: 9<br><br>Judge: Hon. Valerie Baker Fairbank |

Deleted: SVW

On March 9, 2009, the Court heard a motion by Plaintiffs, Olga Ortmann ("Ortmann") and Justin Opyrchal ("Opyrchal"), on behalf of themselves and all others similarly situated, for final approval of a proposed class action settlement.

1  The Parties have submitted the proposed Settlement, which this Court preliminarily approved in its October 27, 2008 order. Having received and considered the Settlement, the supporting papers, the response of the Class Members to the Notice of Settlement, and the evidence and argument received by the Court at the preliminary approval hearing held on October 27, 2008 and the Final Approval Hearing on March 9, 2009, by mean of this order (the "Order of Final Approval") the Court grants final approval to the Settlement, and HEREBY FINDS and ORDERS as follows:

1. Except as otherwise specified herein, the Court for purposes of this Order of Final Approval adopts all defined terms set forth in the Settlement.

2. Pursuant to the Preliminary Approval Order, a Notice Packet was sent to each Class Member by first-class mail. The Claims Administrator took reasonable steps to provide the Notice Packet to Class Members when it learned that the address to which those documents were mailed was no longer accurate. These documents informed Class Members of the terms of the Settlement, their right to claim a share of the settlement proceeds and the procedure therefore, their right to object to the Settlement or to opt out of the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding the final approval of the Settlement. Notice was provided with ample time for the Class Members to follow these procedures.

3. The Court finds that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. Notice was accomplished in all material respects in the manner prescribed by the Settlement. The Court finds that the notice provided notice to all persons entitled to such notice in this case, was the best notice

practicable, and, therefore, fully satisfied the requirements of due process.

4. The Court hereby unconditionally certifies the Class, as defined in the Settlement, for purposes of settlement only "all persons who performed work as insurance agents for New York Life in the State of California from December 11, 2002 through the Preliminary Approval Date, pursuant to a Training Allowance Subsidy Plan Agreement ("TAS Agreement")." For the reasons stated in the Preliminary Approval Order, this Court finds that the Class meets the legal requirements for class certification under Federal Rule of Civil Procedure 23 ("Rule 23").

5. The Court hereby approves the Settlement as set forth in the Stipulation and finds that the Settlement is, in all respects, fair, adequate, and reasonable. The Court makes this finding based on a weighing of the strength of Plaintiffs' claims and Defendants' defenses with the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of non-collusive arms-length negotiations between experienced counsel representing the interests of the Class and New York Life, after thorough factual and legal investigation. In granting final approval of the Settlement, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the Class Members, and the fact that the Settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial. Additionally, the Court finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member. The Court further finds that the response of the Class to the Settlement supports final approval of the Settlement. Specifically, no Class Member objects to the Settlement. Accordingly, pursuant to Rule 23(e), the Court finds that the terms of the Settlement are fair, reasonable, and

adequate to the Class and to each Class Member. *Staton v. Boeing,* 327 F.3d 938, 960 (9th Cir. 2003). The Court also hereby finds that Plaintiffs have satisfied the standards and applicable requirements for final approval of this class action settlement under Rule 23.

6. The Court hereby finds the Maximum Settlement Amount provided for in the Settlement to be fair, reasonable, and adequate.

7. The Court orders the Parties to implement, and comply with, the terms of the Settlement.

8. Nothing in this Order of Final Approval precludes any action to enforce the Parties' obligations under the Settlement or under this Order.

9. The Court also approves the settlement of the Released Claims as defined in the Settlement. The Court authorizes and directs the Claims Administrator to calculate and pay the claims of all Qualified Claimants in accordance with the terms of the Settlement. By stipulation of the parties, in Court today, and approved by this Court, any late claims postmarked by March 9, 2009, shall be considered a :timely" claim form, and paid from the "settlement proceeds".

10. That Plaintiffs' counsel, Pope, Berger & Williams, LLP, Marlin & Saltzman, Law Offices of Douglas J. Campion and Law Offices of Peter M. Hart, are designated as Class Counsel for the purposes of accomplishing and effectuating the settlement.

11. The Court also approves the payment of $105,000.00to Rosenthal & Company LLC for the costs of administrating the Settlement as set forth in the Settlement.

12. As of the Effective Date of the Settlement, as defined in the Settlement, all of the Released Claims of each Class Member who did not

timely opt out, as well as the Class Representatives' Released Claims, are and shall be deemed to be conclusively released as against the New York Life Releasees (as defined by the Settlement). As of the date of this Order of Final Approval, all Class Members who did not timely opt out are bound by the instant Order of Final Approval and Judgment, and the Settlement. Except as to such rights or claims that may be created by the Settlement, all Class Members as of the date of this Order of Final Approval who did not timely opt out are hereby forever barred and enjoined from commencing or prosecuting any of the claims, either directly, representatively or in any other capacity, that are released by the Settlement against any of the New York Life Releasees.

13. The Court finds that the individuals listed on Exhibit A hereto submitted timely Opt Out Requests and, accordingly, are not bound by the terms of the Settlement or the Judgment in this Action.

14. Neither the Settlement nor any of the terms set forth in the Settlement constitute an admission by the Defendants, or any of the other New York Life Releasees, of liability to the Plaintiffs or any Class Member, nor does this Order of Final Approval constitute a finding by the Court of the validity of any of the claims alleged in the Action, or of any liability of the Defendants or any of the other New York Life Releasees. Neither the making of nor entering into the Settlement constitutes an admission by the New York Life Releasees; nor is this Order of Final Approval or this Judgment a finding of the validity of any claims in the Action or of any other wrongdoing. Further, the Settlement is not a concession and shall not be used as an admission of any wrongdoing, fault or omission of any entity or persons; nor may any action taken to carry out the terms of the Settlement be construed as an admission or concession by or against the New York Life Releasees. Evidence of the making or entering into the Settlement shall not be offered or received into evidence in any action or

proceeding against any party hereto in any Court, or other tribunal for any purpose, other than to enforce the instant Order of Final Approval, the instant Judgment, or the Settlement, or to support a defense by the New York Life Releasees of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction.

15.  Without affecting the finality of the Settlement or the Judgment in any way, the Court shall retain exclusive and continuing jurisdiction over this Action and the Parties, including all Class Members, for the purposes set forth in the Settlement.

16.  The Court hereby grants final approval of the Settlement and, in accordance with the terms of the Settlement, hereby enters judgment approving the terms of the Settlement and ordering that the Action be dismissed in accordance with the Settlement.  The Complaint is dismissed on the merits with prejudice on a class-wide basis.  The Class Representatives' Released Claims, as set forth in the Settlement, are dismissed on the merits with prejudice.

17.  If the Settlement does not become final and effective in accordance with the terms of the Settlement, this Order of Final Approval and Judgment and all orders entered in connection herewith shall be vacated and shall have no further force or effect.

18.  That Class Counsel shall file an accounting showing proof of payments made to Class Members submitting timely claims on or before November 16, 2009.

19. That Class Counsel shall file an accounting showing proof of payments made to Class Members submitting late claims on or before November 16, 2009.

IT IS SO ORDERED.

Date: 03-09-09

*Valerie Baker Fairbank*

Hon. Valerie Baker Fairbank
United States District Judge